**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEUNTAYE ALLEN SELLERS,

          Plaintiff,

v.                                      Case No.: 3:23-cv-1431-WWB-MCR

CITY OF JACKSONVILLE, FLORIDA,

          Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Renewed Motion in Limine (Doc. 112) and Defendant's Renewed Motion in Limine (Doc. 113) and the responses (Doc. Nos. 115, 116) thereto. For the reasons set forth herein, Plaintiff's Renewed Motion will be granted in part and denied in part and Defendant's Renewed Motion will be granted in part and denied in part.

## I.    BACKGROUND

Plaintiff, Deuntaye Sellers, a black male, began working for the Jacksonville Sheriff's Office ("**JSO**") as a corrections officer in November 2013. (Doc. 65-1 at 1). During his employment, Plaintiff alleges that he was subjected to discrimination and hostility because of his race and was retaliated against for making complaints regarding the alleged discrimination. (*See generally* Doc. 35). As a result, Plaintiff alleged claims for discrimination in violation of the Equal Protection clause, Title VII, and the Florida Civil Rights Act ("**FCRA**"), hostile work environment in violation of Title VII, and retaliation in violation of Title VII and the FCRA. On February 2, 2026, the Court granted partial summary judgment in favor of Defendant, leaving a claim for discriminatory termination

pursuant to Title VII.  (*See generally* Doc. 106).  Count V is set to proceed to trial before a jury on May 4, 2026.  (Doc. 107 at 1).

## II.    LEGAL STANDARD

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds."  *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted).  "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."  *Id.*

## III.    DISCUSSION

Plaintiff argues that the following evidence or arguments should be excluded at trial: (1) arguments that evidence of any events or actions taken prior to May 25, 2021, are categorically inadmissible or irrelevant; (2) reference to Isiah Caldwell's criminal history; (3) reference to collateral source benefits; and (4) all documents first produced on January 20, 2026, after the discovery deadline in this case.  Defendant does not oppose Plaintiff's first[1] and third requests and, therefore, Plaintiff's first and third requests will be granted as unopposed.  *See Harris v. Pub. Health Tr. of Mia.-Dade Cnty.*, 82 F.4th

---

[1] Although Defendant argues that the evidence should be limited to four years prior to Plaintiff's termination and one year after Plaintiff's termination, these arguments are not directly responsive to Plaintiff's request, which only sought a ruling that evidence predating May 25, 2021, is not categorically irrelevant or inadmissible.  As Defendant concedes, it is not.  Any arguments regarding the scope of such evidence to be admitted are better resolved at trial.

1296, 1303 (11th Cir. 2023); *Dominguez v. Tom James Co.*, 113 F.3d 1188, 1191 (11th Cir. 1997).

In his second request, Plaintiff argues that his cousin Isiah Caldwell's criminal history is not relevant to the issues remaining in this case and the introduction of such evidence would be unfairly prejudicial. As relevant to this case, Caldwell was a passenger in Plaintiff's car at the time of the stop that ultimately led to Plaintiff's termination. As a result of the stop, Caldwell was arrested for being a felon in possession of a handgun, which was located at Caldwell's apartment after the traffic stop. Marijuana was also located on Caldwell in the vehicle during the stop. Plaintiff argues that the evidence is irrelevant and would unfairly prejudice the jury against Plaintiff based on the actions of Caldwell because there is no evidence that Plaintiff was involved in or aware of any criminal conduct by Caldwell and there is no policy prohibiting his association with Caldwell.

In response, Defendant argues that the evidence is relevant because, in the course of the investigation into Plaintiff's conduct during the stop, he admitted to leaving his unholstered weapon in the vehicle with a person he knew to be a convicted felon, particularly where there was also an open container of alcohol, and both passengers were found to be in possession of drugs. Defendant also disputes the lack of a policy prohibiting interaction with individuals known to be engaged in criminal conduct.

Plaintiff fails to cite any legal authority in support of his proposition and having considered the parties' arguments and being familiar with the facts of this case, the Court cannot say that the evidence would be inadmissible on all grounds. Specifically, what Plaintiff knew or was aware of related to his passengers at the time of the stop is relevant

3

to the investigation and the charges that were brought against him and sustained by internal affairs in this matter. Although the handgun for which Caldwell was subsequently charged was located in his apartment—not Plaintiff's car—Plaintiff's knowledge regarding Caldwell's activities is relevant to his termination and it is not clear that such evidence would unfairly prejudice Plaintiff or that any such prejudice would substantially outweigh its probative value in this case. Therefore, Plaintiff's second request will be denied at this juncture.

Finally, Plaintiff argues that any discovery or documents produced on January 20, 2026, after the close of discovery in this case, should be excluded. In its Response, Defendant states that the documents are no longer relevant due to this Court's summary judgment rulings and Defendant does not intend to offer such evidence at trial. Therefore, Plaintiff's fourth request will be denied as moot. To the extent Defendant seeks to offer one of the disputed documents at trial, Plaintiff may renew his objection.

Turning to Defendant's Motion, Defendant seeks exclusion of the following evidence at trial: (1) testimony that black employees are treated more harshly than white employees that exceeds discipline; (2) testimony of witnesses that is based on hearsay or exceeds the scope of their personal knowledge; (3) comparator evidence; (4) evidence introduced solely to contest the legality and reason for the November 16, 2018 traffic stop; (5) Plaintiff's lay testimony regarding his medical diagnosis or treatment to the extent it exceeds the proper scope of lay testimony. Plaintiff does not oppose Defendant's fifth request, and it will be granted as unopposed. *See Monera v. Datis*, No. 24-80958-CIV, 2025 WL 3776652, at *4 (S.D. Fla. Feb. 5, 2025) (citing Fed. R. Evid. 701(a), (c)).

First, Defendant argues that testimony should be limited to only disparate treatment in discipline and any testimony regarding disparate treatment of black employees in general should be excluded.  Defendant argues, in conclusory fashion, that testimony outside the scope of discipline would not be relevant and would be unduly prejudicial.  While the remaining claim at issue in this case is one alleging that the discipline issued to black officers is more harsh than that issued to white officers, evidence and testimony regarding the overall culture of mistreatment or disparate treatment of black officers is at least arguably relevant to showing that the Department, as a whole, favored white officers and was less likely to harshly punish or terminate their employment if they were favored employees.  Nor can the Court determine that such evidence generally would be unduly prejudicial without the benefit of context, including the specific testimony to be offered.  Therefore, Defendant's first request will be denied.

In its second request, Defendant argues that the Court should preclude testimony that is not based on the witness's personal knowledge or is hearsay.  "Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment."  *Holder v. Anderson*, No. 3:16-cv-1307-J, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018).  "The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."  *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quotation omitted).  "[T]he Court will not entertain a motion *in limine* that merely seeks to reinforce the Federal Rules of Evidence."  *United States v. Rodriguez*, No. 25-cr-20201, 2025 WL 3190832, at *8 (S.D. Fla. Nov. 15, 2025).

Defendant does not direct the Court to the specific evidence it seeks to exclude or state how such evidence is outside the scope of the personal knowledge of any witness or is hearsay not subject to an exception.  Because the Court cannot discern what argument, testimony, or evidence can or should be excluded or the precise reason for its exclusion other than generally applicable rules of evidence, Defendant's second request will be denied.

Third, Defendant argues that comparator evidence should be excluded pursuant to Federal Rule of Evidence 403.  Specifically, Defendant argues that each of the seven comparators offered by Plaintiff or discussed in this Court's summary judgment Order are sufficiently differently situated than Plaintiff that admission of evidence regarding their disciplinary history would result in unfair prejudice, confusing the issues, or misleading the jury.  In support of its Motion, Defendant relies on the affidavit of Mark Dorner, the Internal Affairs Lieutenant, and internal records regarding the investigations regarding these comparators.  (*See generally* Doc. 113-1).  In response, Plaintiff argues that the evidence is relevant and any differences in the allegations and circumstances between Plaintiff and his comparators go to weight, not admissibility.[2]

The Eleventh Circuit has recognized that even if a comparator is insufficient to establish a prima facie case under the *McDonnell Douglas* standard, the comparator may still offer relevant evidence to establish discrimination under the convincing mosaic test.

---

[2] Plaintiff also argues that Defendant's evidence should be stricken because Defendant failed to produce the documents in discovery and the testimony exceeds the scope of Dorner's knowledge as set forth in Defendant's initial disclosures.  Because, even considering the evidence, the Court does not find that Defendant has met its burden of exclusion, the Court need not address Plaintiff's evidentiary arguments at this juncture. To the extent Defendant attempts to rely on evidence not properly produced in discovery at trial, Plaintiff may renew his objections.

*See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023). "[T]o the extent that there are material differences between [the plaintiff] and her comparators at this stage of the case, it is the jury's role—not ours—to determine how much weight the comparator evidence should be given." *Id.* While, as Defendant notes, *Tynes* was addressing the denial of a motion for directed verdict, nothing in the case can be read as stating that comparator evidence that is not sufficiently "similarly situated" should be excluded or that it is not the role of the jury to weigh such evidence. *See Johnson v. Mia.-Dade Cnty.*, No. 24-12676, --- F.4th ----, 2026 WL 772380, at *5 (11th Cir. Mar. 19, 2026) ("[A] district court should consider the record as a whole, including all evidence of disparate treatment, even if there are material differences between the plaintiff and the comparators. At th[e summary judgment] stage in the analysis, the extent of the material differences only influences 'how much weight the comparator evidence should be given.'" (quoting *Tynes*, 88 F.4th at 947)); *Mercer v. Ala. Dep't of Transp.*, No. 20-13722, 2022 WL 3910604, at *4–6 (11th Cir. Aug. 31, 2022) (holding that the district court did not err in admitting evidence under Rule 403 of a comparator that was not "similarly situated" where the evidence was relevant to the convincing mosaic theory).

There will certainly be times that Rule 403 requires exclusion, but the party seeking such exclusion must provide sufficient argument and analysis to the court to determine that the evidence of a specific comparator was so vastly different that any value it might present would be substantially outweighed. Here, the Court does not find that Defendant has met its burden. The majority of the incidents involve sufficiently similar conduct that the introduction of such evidence would not be confusing or misleading to a jury. Additionally, despite the age of some of the evidence, the Court is not convinced that the

incidents are so old as to be unfairly prejudicial, particularly when offered as evidence of an ongoing pattern spanning a significant period. Lastly, the change in the administration makes the evidence arguably more relevant to establishing a pattern and practice—as Plaintiff must do in this case—as it is evidence that it is not simply a single bad actor or administration, but a systemic practice. Defendant fails to offer any specific argument regarding unfair prejudice. Accordingly, because Defendant has not shown that each comparator is categorically excludable, Defendant's third request will be denied.

Finally, Defendant argues that the Court should exclude any evidence or testimony aimed at contesting the legality of the November 16, 2018 traffic stop as irrelevant and likely to confuse or mislead the jury. In response, Plaintiff argues that the reasons for the stop proffered by Officer Busatta are relevant to establish an overall cultural bias in the Department and provides context for Plaintiff's claims about his complaints against Officer Busatta and his conduct during the traffic stop. While Defendant is correct that the question of probable cause for the stop would not be relevant to the remaining claim in this case, evidence or testimony that Officer Busatta knowingly lacked probable cause or also acted unprofessionally toward Plaintiff, but was not investigated for such conduct, is directly relevant to claims that white officers were able to largely avoid discipline while black officers were not. Therefore, the Court is not satisfied that evidence regarding the legality of the underlying stop would not be relevant or admissible on any ground in this case. Defendant may raise its objections at trial with the benefit of context. Nevertheless, Plaintiff is cautioned that the Court will not permit him to litigate a § 1983 seizure claim with respect to the underlying stop that was not alleged or advanced in this case. Defendant's fourth request will be denied.

IV.     **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Renewed Motion in Limine (Doc. 112) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2.  Defendant's Renewed Motion in Limine (Doc. 113) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

**DONE AND ORDERED** in Jacksonville, Florida on April 1, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

9